**Altin BALLUKU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 04–0891–ag.

United States Court of Appeals, Second Circuit.

Oct. 2, 2006.

128

Glen T. Terk, Wethersfield, CT, for Petitioner.

Samuel D. Wright, Assistant United States Attorney, for Jim M. Greenlee, United States Attorney for the Northern District of Mississippi, and David N. Kelley, United States Attorney for the Southern District of New York, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Altin Balluku, a 32–year–old citizen of Albania, seeks review of a February 3, 2004 decision of the BIA summarily affirming the August 16, 2002 decision of Immigration Judge ("IJ") Miriam K. Mills denying Balluku's application for political asylum based on alleged persecution under the former socialist government in Albania. *In re Altin Balluku,* No. A 78 689 232 (B.I.A. Feb. 3, 2004), *aff'g* No. A 78 689 232 (Immig. St. N.Y. City Aug. 16, 2002). Balluku, through counsel, timely appealed the IJ's ruling to the BIA but did not challenge the IJ's denial of his withholding of removal and Convention Against Torture ("CAT") claims. The BIA adopted and affirmed the IJ's decision without opinion. On appeal, Balluku argues that (1) the IJ erred because he established past persecution and a well-founded fear of future persecution due to his political activities, and (2) the BIA erred in summarily affirming the IJ's decision because it contained material errors and omissions. We assume familiarity with the underlying facts and procedural history.

When the BIA issues an opinion that fully adopts the IJ's decision, as is the case here, we review the IJ's decision as the final agency decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir. 2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). "Under this standard, a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales,* 331 F.3d at 307 (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)).

In the hearing, Balluku described his relationship with the Albanian Democratic Party and alleged incidents of persecution that he experienced. Specifically, Balluku testified that: (1) in February 1991, he was arrested and detained for two hours after participating in a political demonstration; (2) in April 1997, an unmarked car attempted to run into him and his brother as they were walking home from a Democratic Party meeting; and (3) in December 1997, three masked, armed men in uniform forcibly pulled him from a taxi, beat him, threw him in the back of a van, and dropped him at the side of the road. The IJ assumed, arguendo, that Balluku was credible and that these incidents had occurred, but found that Balluku failed to

show a nexus to his political beliefs in light of his lack of significant political activity and the country conditions that were reported.

We generally presume that the agency has taken into account all evidence before it and do not require the agency to expressly address each individual piece of evidence. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 160 n. 13 (2d Cir. 2006). In this case, however, the IJ's analysis of Balluku's alleged past persecution is sparse and suggests that she may not have fully considered all of the evidence of persecution that was before her. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006) (stating that "the immigration court must adequately link its decision to the record evidence in a reasoned opinion that properly applies the law").

Nevertheless, even if the case were remanded to the BIA because of the inadequacy of the IJ's analysis of Balluku's claims about past persecution, he still would not be eligible for asylum due to fundamentally changed country conditions. While a finding of past persecution gives rise to a presumption that a well-founded fear of future persecution exists, the Government may rebut that presumption through showing, by a preponderance of the evidence, that country conditions have changed to such an extent that Balluku no longer has a well-founded fear that he would be persecuted upon return to Albania. *See* 8 C.F.R. § 208.13(b)(1)(i); *Melgar de Torres v. Reno,* 191 F.3d 307, 311 (2d Cir.1999). When, as here, the Government establishes a fundamental change in country conditions, asylum is not warranted. 8 C.F.R. § 208.13(b)(1)(i).

Relying in part on the U.S. Department of State May 2001 Profile of Asylum Claims and Country Conditions (the "Asylum Profile"), the IJ determined that the conditions in Albania had changed to such an extent that Balluku could not claim a well-founded fear of future persecution upon return. **SPA 15–16.** The Asylum Profile specifically states that "[t]here is virtually no evidence that individuals are targeted for mistreatment on political grounds." *See also Latifi v. Gonzales,* 430 F.3d 103, 106 n. 1 (2d Cir.2005) (taking "judicial notice of the fact that the Democratic Party returned to power in Albania through general elections in July [2005]").

In response to the showing of fundamentally changed country conditions, Balluku failed to provide "compelling reasons ... arising out of the severity of the past persecution" or to establish "a reasonable possibility" that he will "suffer other serious harm upon removal" to Albania so as to warrant eligibility for asylum in spite of the absence of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1)(i); *see Melgar de Torres,* 191 F.3d at 314 n. 3 (stating that the petitioner failed to rebut the government's showing of changed country conditions because "the respondent has not shown that she would be at particular risk of government persecution" and "[g]eneral violence ... does not constitute persecution"). Balluku's own testimony revealed that he had already left and returned to Albania in 1998 (before coming to the United States) and had not experienced any ill-treatment. Consequently, we conclude that the IJ's determination that Balluku is not eligible for asylum is supported by substantial evidence.

Finally, Balluku's challenge to the BIA's summary affirmance of the IJ's decision also fails. Pursuant to 8 C.F.R. § 1003.1(e), a single member of the BIA may affirm the IJ without opinion when the board member determines that the result reached in the decision was correct or any errors were immaterial or harmless, and either (1) the issues on appeal are

squarely controlled by precedent or do not involve the application of precedent to a novel set of facts, or (2) the issues on appeal are not so substantial that the case warrants a written opinion. As we recently stated in *Kambolli v. Gonzales,* we lack jurisdiction to review the decision of the BIA to subject the IJ's decision to a one-member streamline review procedure. 449 F.3d 454, 463 (2d Cir.2006) (per curiam).

For the reasons stated, the petition for review is DENIED.